J-S63020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JORGE M. NELSON, | |
| Appellant | No. 145 EDA 2016 |

Appeal from the PCRA Order December 9, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0121811-1988

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.: **FILED NOVEMBER 03, 2016**

Appellant, Jorge M. Nelson, appeals *pro se* from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

The underlying facts of this case have been summarized as follows:

The evidence introduced at trial established that on November 9, 1982, [Appellant] and his co-conspirator, William Birdsong, entered an apartment where they had arranged to pick up some cocaine. Present in the apartment were Nathaniel Boon[e], Stefan Purcell and Donald Latimer. [Appellant] and Birdsong were expected and were let into the apartment. After entering the apartment, [Appellant] and Birdsong proceeded to rob those persons present, demanding drugs in addition to those that had been prepared for them to receive. The robbery quickly went wrong and [Appellant] and Birdsong killed two of the three men present. They left the apartment believing the third man,

_____

[*] Former Justice specially assigned to the Superior Court.

Donald Latimer, also had been killed after Birdsong fired a bullet into a cushion that covered Mr. Latimer's head. Somehow, that bullet missed Latimer. Subsequently, Mr. Latimer was able to identify Birdsong to the police, as he knew Birdsong prior to the killings. At that time, he did not know [Appellant] by name, though he told police that he could recognize him if he saw him.

PCRA Court Opinion, 8/29/98, at 2-3. Appellant was arrested approximately five years later. On July 11, 1989, a jury convicted Appellant of two counts each of second-degree murder and robbery, and one count each of burglary, conspiracy, and possession of an instrument of crime. On December 11, 1989, the trial court sentenced Appellant to concurrent terms of life imprisonment for the second-degree murder convictions and a consecutive term of five to ten years of incarceration for the conspiracy conviction.

Appellant filed a timely direct appeal. On September 3, 1991, this Court affirmed Appellant's judgment of sentence and, on April 14, 1992, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Nelson*, 3482 Philadelphia 1990, 601 A.2d 372 (Pa. Super. 1991) (unpublished memorandum), *appeal denied*, 607 A.2d 252 (Pa. 1992).

On January 15, 1997, with the assistance of counsel, Appellant filed his first PCRA petition. The PCRA court dismissed the PCRA petition without a hearing on September 29, 1997. On November 9, 1999, this Court affirmed the PCRA court in part, and remanded the matter to the PCRA court for an evidentiary hearing regarding whether Appellant had been advised of his right to testify at trial. *Commonwealth v. Nelson*, 4490 Philadephia

- 2 -

1997, 748 A.2d 1253 (Pa. Super. 1999) (unpublished memorandum). On remand, the PCRA court held a hearing on July 19, 2000, and denied further relief on November 13, 2000. On subsequent appeal, this Court affirmed the order of the PCRA court on January 22, 2002, and our Supreme Court denied Appellant's petition for allowance of appeal on August 1, 2002. *Commonwealth v. Nelson*, 3496 EDA 2000, 797 A.2d 375 (Pa. Super. 2002) (unpublished memorandum), *appeal denied*, 805 A.2d 855 (Pa. 2002).

On September 24, 2007, Appellant filed another PCRA petition. The court of common pleas docket reflects that notice was sent to Appellant of the PCRA court's intent to dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907 on May 23, 2008. On September 5, 2008, the PCRA court filed an order dismissing Appellant's PCRA petition due to the untimely nature of Appellant's PCRA filing.

Appellant filed, *pro se*, the instant petition on November 23, 2010, which he titled an "'Emergency' Petition for Writ of Habeas Corpus Nunc Pro Tunc." In the years that followed, Appellant filed several *pro se* items of correspondence with the PCRA court requesting relief and seeking action on his filing. Ultimately, our Supreme Court entered the following *per curiam* order:

> AND NOW, this 19th day of September 2014, the Application for Leave to File Original Process is GRANTED. Furthermore, the Petition for Writ of Mandamus and/or Extraordinary Relief is DENIED to the extent it requests

extraordinary relief and is GRANTED to the extent it requests mandamus relief. The Court of Common Pleas of Philadelphia County is DIRECTED to adjudicate Petitioner's pending petition within 90 days.

Order, 9/19/14, at 1. On January 13, 2015, the court of common pleas sent Appellant a full docketing statement. On March 6, 2015, Appellant filed, *pro se*, another item of correspondence in the court of common pleas titled, "Motion for Judgment on Petitioner's Pending Petition for Fraud upon the Court by Officers of the Court Pursuant to 42 Pa.C.S.A. § 5504 & 5505."

On August 24, 2015, the PCRA court entered notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907, noting that Appellant's Petition for Writ of Habeas Corpus must be treated as a PCRA petition, which was untimely filed. Appellant filed a response to the Pa.R.Crim.P. 907 notice. On December 9, 2015, the PCRA court entered an order and opinion denying PCRA relief. This timely appeal followed. The PCRA court did not order Appellant to file a statement pursuant to Pa.R.A.P. 1925(b).

Appellant presents the following issues for our review:

1. WAS THE PCRA COURT IN ERROR AND WHETHER ITS FINDINGS SUPPORTED BY THE RECORD AND FREE FROM LEGAL ERROR, AND ARE THOSE FINDINGS IN VIOLATION OF PETITIONER'S DUE PROCESS RIGHTS UNDER FUNDAMENTAL FAIRNESS AND EQUAL TO A MISCARRIAGE OF JUSTICE?

2. DOES COMMONWEALTH V. NEWMAN AND COMMONWEALTH V HOPKINS APPLY RETROACTIVELY TO PETITIONERS SENTENCE AND CONVICTION REQUIRING RELIEF?

Appellant's Brief at 1.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Initially, we must determine whether this matter is properly before us. We begin by determining whether the PCRA court accurately considered Appellant's petition to be a PCRA petition.

The scope of the PCRA is explicitly defined as follows:

This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. **The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis**. This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings or to provide relief from collateral consequences of a criminal conviction.

42 Pa.C.S. § 9542 (emphasis added).

The plain language of the statute above demonstrates that the General Assembly intended that claims that **could** be brought under the PCRA **must** be brought under that Act. *Commonwealth v. Hall*, 771 A.2d 1232, 1235 (Pa. 2001) (emphases in original). Where a defendant's claims "are cognizable under the PCRA, the common law and statutory remedies now subsumed by the PCRA are not separately available to the defendant." *Id*. at 1235 (citations omitted). By its own language, and by judicial decisions interpreting such language, the PCRA provides the sole means for obtaining state collateral relief. *Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999) (citations omitted). Thus, it is well settled that any collateral petition raising issues with respect to remedies offered under the PCRA will be considered to be a PCRA petition. *Commonwealth v. Deaner*, 779 A.2d 578, 580 (Pa. Super. 2001).

The question then is whether the particular claims at issue, *i.e.* Appellant's allegations that he was convicted on the basis of false ballistic testimony and that he learned that his co-defendant had been granted funds to conduct a ballistics experiment, are claims available to him under the PCRA. The relevant portion of the PCRA provides as follows:

> (2) That the conviction or sentence resulted from one or more of the following:
>
> > (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the

particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

\* \* \*

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

42 Pa.C.S. § 9543(a)(2)(iii). Thus, the statute indicates that claims of a constitutional nature and claims of after-discovered evidence are cognizable under the PCRA. *Id*.

Essentially, Appellant is attacking the validity of his underlying murder convictions. Since such a claim is cognizable under the PCRA, Appellant is precluded from seeking relief pursuant to a petition for writ of *habeas corpus*. Thus, the PCRA court had no authority to entertain the claims except under the strictures of the PCRA.

We next address whether Appellant satisfied the timeliness requirements of the PCRA. A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Cintora*, 69 A.3d 759, 762 (Pa. Super. 2013). Effective January 16, 1996, the PCRA was amended to require a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes

final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Where a petitioner's judgment of sentence became final on or before the effective date of the amendment, a special grace *proviso* allowed first PCRA petitions to be filed by January 16, 1997. ***See Commonwealth v. Alcorn***, 703 A.2d 1054, 1056-1057 (Pa. Super. 1997) (explaining application of PCRA timeliness *proviso*).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[1] A petition invoking one of these exceptions must be filed

---

[1] The exceptions to the timeliness requirement are:

    (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

    (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

    (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*(Footnote Continued Next Page)*

within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). ***Commonwealth v. Carr***, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Our review of the record reflects that Appellant was sentenced on December 11, 1990. Appellant filed a direct appeal, and this Court affirmed Appellant's judgment of sentence on September 3, 1991. ***Nelson***, 3482 Philadelphia 1990, 601 A.2d 372. Appellant filed a petition for allowance of appeal, which was denied by our Supreme Court on April 14, 1992. ***Nelson***, 607 A.2d 252. Appellant did not file a petition for writ of *certiorari* with the United States Supreme Court. Accordingly, Appellant's judgment of sentence became final on July 13, 1992, when the time for seeking *certiorari* from the United States Supreme Court expired.[2] ***See*** 42 Pa.C.S. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[2] Appellant had ninety days from the date of the Pennsylvania Supreme Court's decision on direct appeal to file a petition for a writ of *certiorari* with the United States Supreme Court. ***Commonwealth v. Hackett***, 956 A.2d 978, 980 n.4 (Pa. 2008); United States Supreme Court Rule 13.

time for seeking the review."). Thus, Appellant's judgment of sentence became final prior to the effective date of the PCRA amendments. Appellant's instant PCRA petition, filed on November 23, 2010, does not qualify for the grace *proviso* as it was not filed before January 16, 1997. Thus, the instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

The record reflects that Appellant attempted to raise the exception that the facts upon which his claim is predicated previously were unknown to him, pursuant to 42 Pa.C.S. § 9545(b)(1)(ii). Regarding this exception, this Court has stated the following:

> In order to sustain an untimely PCRA petition under the after-discovered evidence exception, a petitioner must show that the evidence: (1) has been discovered after the trial and **could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence**; (2) is not merely corroborative or cumulative; (3) **will not be used solely for impeachment purposes**; and (4) is of such a nature and character that a different verdict will likely result if a new trial is granted.

***Commonwealth v. Johnson***, 841 A.2d 136, 140-141 (Pa. Super. 2003) (emphases added). In addition, our Supreme Court explained that "the

- 10 -

after-discovered facts exception focuses on **facts**, **not** on a newly discovered or newly willing source for previously known facts[.]" ***Commonwealth v. Marshall***, 947 A.2d 714, 721 (Pa. 2008) (emphasis in original; internal quotation marks and citation omitted).

Instantly, Appellant claims that he is entitled to PCRA relief on the basis of after-discovered facts consisting of information in the form of a ballistics report that was obtained by his co-defendant and knowledge that his co-defendant requested funding for ballistics testing. The PCRA court found no merit to Appellant's assertion and addressed his claim as follows:

> [Appellant] fully admits that the request [by his co-defendant] for a ballistics expert was made in 1985, and he offers no show of due diligence in waiting 25 years to raise this claim. Moreover, this information was made in his co-defendant's case, not his own. Furthermore, [Appellant] was convicted four years after [his co-defendant's] request was made; therefore, the request for funds for a ballistic expert was discoverable at the time of [Appellant's] trial. A PCRA claim is waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding." 42 Pa.C.S.A. § 9544(b). Therefore, this claim affords no relief.

PCRA Court Order and Opinion, 12/9/15, at 3.

We agree with the PCRA court's analysis and likewise conclude that, even if discovery of the co-defendant's request for funds for a ballistics expert qualified as an after-discovered fact, the PCRA court did not err in finding that Appellant's instant PCRA petition is untimely and no exception to the timeliness provision applies. Our review of the record reflects that Appellant has not alleged that there was an obstruction to Appellant

- 11 -

obtaining the information about the co-defendant's request for funds for a ballistics expert prior to the conclusion Appellant's trial. Indeed, Appellant does not offer any explanation regarding the failure to investigate his co-defendant's trial, which preceded his own trial. Thus, because Appellant has not shown that this evidence could not have been obtained prior to the conclusion of his trial by the exercise of reasonable diligence, he has failed to meet the first prong of the four-part **Johnson** test.

Moreover, Appellant essentially argues that the alleged ballistics information would have been used to impeach the testimony offered by the Commonwealth's ballistics expert, whom Appellant claims perjured himself at Appellant's trial by falsely testifying with regard to ballistics evidence. Therefore, because Appellant has not shown that the evidence will not be used solely for impeachment purposes, he also fails to meet the third prong of the four-part **Johnson** test. Accordingly, we conclude that Appellant has not established that the after-discovered facts exception applies.

In addition, we observe that in his response to the Pa.R.Crim.P. 907 notice filed by the PCRA court, Appellant argued that his untimely petition meets all three of the timeliness exceptions due to the decisions in **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015) (invalidating the drug-free school zone mandatory minimum sentence, 18 Pa.C.S. § 6317, based on the holding in of **Alleyne v. United States**, 133 S.Ct. 2151, 2155 (2013)), and **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014)

(*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015) (concluding that 42 Pa.C.S. § 9712.1, regarding the distance between drugs and guns, must be struck down in its entirety as unconstitutional in light of ***Alleyne***, as its subsections are not severable).  Answer and Amended Response to Notice, 9/11/15, at 2-9 (Record Docket Entry 11).  Thus, the two cases relied upon by Appellant each apply the United States Supreme Court's decision in ***Alleyne***.

With regard to the allegation that the failure to make an ***Alleyne*** related claim earlier was the result of governmental interference under 42 Pa.C.S. § 9545(b)(1)(i), such claim may be summarily dismissed.  "Neither the court system nor the correctional system is obliged to educate or update prisoners concerning changes in case law."  ***Commonwealth v. Brandon***, 51 A.3d 231, 236 (Pa. Super. 2012) (quoting ***Commonwealth v. Baldwin***, 789 A.2d 728, 731 (Pa. Super. 2001)).  ***Commonwealth v. Boyd***, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that, for purposes of PCRA exceptions, "the sixty-day period begins to run upon the date of the underlying judicial decision.").  ***Alleyne*** was available to all, including Appellant on the day it was decided, June 17, 2013.  Our review of the certified record reflects that Appellant made no filings within sixty days of the decision in ***Alleyne***.  Furthermore, Appellant's veiled allegation that a claim based on ***Alleyne*** could be made only after appellate courts applied ***Alleyne*** in subsequent legal decisions constitutes "governmental interference" lacks merit.

In addition, Appellant's claim that **Alleyne** and its progeny satisfy the after-discovered fact exception under 42 Pa.C.S. § 9545(b)(1)(ii) also lacks merit. A judicial opinion does not constitute after-discovered evidence for the purposes of the PCRA time-bar. **Commonwealth v. Watts**, 23 A.3d 980, 986-987 (Pa. 2011); **see Cintora**, 69 A.3d at 763 ("[A] judicial opinion does not qualify as a previously unknown 'fact' capable of triggering the timeliness exception set forth in section 9545(b)(1)(ii) of the PCRA."). Therefore, this claim does not provide Appellant relief from the PCRA time bar.

Finally, to the extent Appellant argues that **Alleyne** and its progeny may be characterized as an attempt to assert the "new constitutional right" exception to the PCRA time bar under 42 Pa.C.S. § 9545(b)(1)(iii), that claim fails as well. Recently, in **Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016), the Pennsylvania Supreme Court addressed a situation in which the defendant raised an **Alleyne** claim in a timely PCRA petition but his judgment of sentence had become final prior to the **Alleyne** decision. The **Washington** Court stated:

> [A] new rule of law does not automatically render final, pre-existing sentences illegal. A finding of illegality concerning such sentences may be premised on such a rule only to the degree that the new rule applies retrospectively. In other words, if the rule simply does not pertain to a particular conviction or sentence, it cannot operate to render that conviction or sentence illegal.

* * *

- 14 -

> [N]ew constitutional procedural rules generally pertain to future cases and matters that are pending on direct review at the time of the rule's announcement.

*Id*. at 814-815. *See also id*. at 815 (stating "if a new constitutional rule does not apply, it cannot render an otherwise final sentence illegal"). The *Washington* Court applied the retroactivity analysis delineated in *Teague v. Lane*, 489 U.S. 288 (1989) (plurality),[3] and determined the rule announced in *Alleyne* is not a substantive or watershed procedural rule that would warrant retroactive application. *Washington*. The Court held the defendant was not entitled to retroactive application of *Alleyne* because his judgment of sentence had become final before *Alleyne* was decided. *Id*. The *Washington* Court definitively held that "*Alleyne* does not apply retroactively to cases pending on collateral review." *Id*. at 820. Moreover, the Court declined to "recognize an independent state-level retroactivity jurisprudence grounded on fairness considerations." *Id*. at 819. In summary, *Washington* stands for the proposition that no *Alleyne* violation can occur where the defendant's sentence was imposed and became final

---

[3] "Under the *Teague* framework, an old rule applies both on direct and collateral review, but a new rule is generally applicable only to cases that are still on direct review. A new rule applies retroactively in a [federal] collateral proceeding only if (1) the rule is substantive or (2) the rule is a 'watershed rule of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Whorton v. Bockting*, 549 U.S. 406, 416 (2007) (internal citations omitted).

before **Alleyne** was decided. Therefore, Appellant is not entitled to the benefit of **Alleyne**.

As previously noted, Appellant's judgment of sentence became final on July 13, 1992. **Alleyne** was decided on June 13, 2013. **Alleyne**, 133 S.Ct. at 2151. Appellant's judgment of sentence was finalized nearly twenty-one years before **Alleyne** was decided. Therefore, Appellant does not qualify for the new constitutional right exception to the PCRA time bar under **Alleyne**.[4]

In conclusion, because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court correctly determined that it lacked jurisdiction to address the claims presented and grant relief. **See Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

---

[4] In addition, we note that although a challenge based on **Alleyne** does implicate the legality of a sentence, "a legality of sentence claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies." **Commonwealth v. Miller**, 102 A.3d 988, 995-996 (Pa. Super. 2014).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/3/2016